

E-FILED
Friday, 21 July, 2006  10:27:26 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL ILLINOIS

# FILED

JUL 2 1 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL CUTKOMP,
    PETITIONER,

V.

CASE NO. 79-CM-2247

PEOPLE OF THE STATE OF ILLINOIS,
    RESPONDENT.


PETITION FOR WRIT OF CORAM NOBIS
TO REVERSE ILLEGAL CONVICTION
PURSUANT TO 28 U.S.C. 1651


Comes now, Michael Cutkomp, petitioner, <u>pro se</u>, and hereby respectfully moves this Honorable Court pursuant to 28 U.S.C. 1651 All Writs Act requesting relief in the nature of Coram Nobis.

## ATTACHED EXHIBIT

AFFIDAVIT OF WILLIAM G. SCHICK, WHO WAS COUNSEL OF RECORD IN
CASE NO. 79-CM-2247.

## JURISDICTION

This Court has jurisdiction to entertain this petition under 28 U.S.C. 1651, All Writs Act.

## ISSUES IN SUPPORT OF THIS CORAM NOBIS PETITION

I.    SUFFICIENT REASONS REQUIRING RELIEF IN THE NATURE OF CORAM NOBIS.

II.   FUNDAMENTAL DEFECT HAS PRODUCED A MISCARRIAGE OF JUSTICE.

III.  PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

IV.   PETITIONERS FOURTEENTH AMENDMENT DUE PROCESS RIGHT TO BE PRESENT WAS VIOLATED.

## STATEMENT OF FACTS

In 1979, petitioner was charged with unlawful possession of cannabis in violation of Section 704 C of the Cannabis Control Act in the Circuit Court of the Fourteenth Judicial Circuit of Rock Island County, Illinois, Case No. 79-CM-2247.

On March 25, 1980, a plea of guilty was entered on behalf of petitioner through counsel, William G.Schick.

This plea was entered without petitioner's consent. (See Affidavit of Wiliam G. Schick attached).

3

On March 25, 1980, the Court accepted the plea entered without petitioner being present or inquiring whether consent was given to enter such plea.

No direct appeal was filed in this matter.

September 6, 1995, William G. Schick (counsel) filed a Motion For Releif from Void Judgment in Case No. 79-CM-2247, contending that petitioner was not present at the guilty plea hearing and did not waive his rights to be present.

September 26, 1995, the Court denied the motion for lack of jurisdiction, but conceded that petitioner's plea was erroneous and voidable.

Petitioner now brings the instant Petition for Writ of Coram Nobis to Reverse Illegal Conviction.

ARGUMENT OF LAW AND FACTS.

I.          SUFFICIENT REASONS REQUIRING RELIEF
            IN THE NATURE OF CORAM NOBIS


After custody expires, coram nobis is available in criminal cases to challenge error "of the most fundamental character." United States v. Morgan, 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L.Ed.2d 248 (1954). Courts have construed this language  -  when combined with Davis v. United States, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)  -  to expand coram nobis beyond its historical

character and to authorize issuance of the writ on a purely legal ground, the failure of the indictment to state an offense. The Court observed in Morgan, that the Writ is appropriate when "the results of the conviction may persist." 346 U.S. at 512, 74 S.Ct. at 253. It gave two examples: "Subsequent convictions may carry heavier penalties, civil rights may be affected." Id. at 512-13, 74 S.Ct. at 253-54.

In this case, the conviction in Case No. 79-CM-2247 is clearly expired, but petitioner is serving an enhanced federal sentence as a result of this illegal conviction. United States v. Keane, 852 F.2d 199, 203 (7th Cir. 1988)([c]oram nobis unavailable unless prisoner is still suffering civil disabilities unique to criminal convictions). These requirements are necessary for issuance of the writ of coram nobis.

Secondly, petitioner does not rely on the expanded version of coram nobis, authorizing issuance of the writ on purely "legal" grounds. Petitioner brings this coram nobis petition to correct an error "of the most fundamental character." Morgan, supra.

It is petitioner's contention that the trial court erred by accepting his plea in his absence and without consent. It is well established that presence at the plea colloquy is a fundamental right and had this error been challenged on direct appeal, relief would have been justified.

In addition, petitioner's Sixth Amendment right to effective assistance of counsel was violated when counsel waived petitioner's right to be present, entered a plea of guilty without the consent

5

of petitioner. Petitioner clearly has an absolute right to be present to defend against a charge, a right only he can waive.

Since petitioner's claim has been defaulted by failing to file a direct appeal, petitioner asserts that "constitutional error at the plea colloquy has resulted in the conviction of one who is actually innocent and failure to consider this claim will result in a miscarriage of justice. <u>Murray v. Carrier</u>, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

II.                 FUNDAMENTAL DEFECT HAS PRODUCED A
                    MISCARRIAGE OF JUSTICE

The Supreme Court has long held that "a plea does not qualify as intelligent unless a criminal defendant receives 'real notice of the true nature of the charge against him.'" <u>Smith v. O'Grady</u>, 312 U.S. 329, 61 S.Ct. 572, 85 L.Ed.2d 859 (1941).

Petitioner was deprived of his constitutional right to understand the essential elements of the alleged crime because he was not present at the time his plea and sentence was entered. <u>Illinois v. Allen</u>, 397 U.S. 337, 338, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970) ("right to be present in the courtroom at every stage of his trial"); <u>United States v. Faulks</u>, 201 F.3d 208, 211 (3d Cir. 2000)("imposition of sentence in defendants absence reversible error").

This fact was affirmed by the Court and counsel in the September 26, 1995 proceedings, that petitioner was not present at the plea

6

hearing, was never admonished that he could be tried in absentia, and did not waive his right to be present to defend against the charge. (See attached, Affidavit of Counsel in Support). In light of this fact, petitioner's plea is constitutionally invalid as the Court should not have had accepted this plea because it never had specific consent allowing counsel to enter a plea of guilty on behalf of petitioner outside of his presence.

Petitioner did not challenge the validity of his plea on appeal because all rights to appeal were waived during this unconstitutional guilty plea because too much time had elapsed when petitioner had become aware of this situation. Therefore, by failing to file a direct appeal, petitioner's claim has been procedurally defaulted, however, the Supreme Court states that "[a] claim may still be reviewed in collateral proceedings if he can establish that the constitutional error in his plea colloquy 'has probably resulted in the conviction of one who is actually innocent.'" Murray v. Carrier, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). The Court went on to explain that to establish "actual innocence," the petitioner must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 118 S.Ct. 1604, 1607, citing Schlup v. Delo, 513 U.S. 298, 327-28, 115 S.Ct. 851, 867-68, 130 L.Ed.2d 808 (1995).

A plea of guilty is the equivalent of admitting all material facts alleged in the charge. United States v. Broce, 488 U.S. 563,

7

570 (1989). The acceptance of a guilty plea is deemed a factual finding that there is an adequate factual basis for the plea. McCarthy v. United States, 394 U.S. 459 (1969). In this case, there is no factual basis allowing the court to accept the guilty plea to the charge of unlawful possession of cannabis because petitioner never admitted the conduct charged, was not present and did not waive this right, while the proceedings took place without his consent. This fact is supported by counsel's affidavit attached hereto.

Without this admission to the charge or a valid waiver of petitioner's right to be present, the record is not sufficient to support a conviction for the crime charged; that is a reasonable jury could not have relied on this unconstitutional guilty plea to convict him and coram nobis is available to correct errors of fact of the most fundamental kind, those that render the proceedings irregular and invalid. United States v. Keane, 852 F.2d 199, 205 (7th Cir. 1988).

III.        PETITIONER WAS DENIED HIS SIXTH AMENDMENT
            RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL


The Sixth Amendment guarantees a defendant the right to effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, petitioner must satisfy two requirements. First, he must demonstrate his counsel's performance was constitu-

8

tionally deficient, i.e., it fell below an objective standard
of reasonableness. Strickland v. Washington, 466 U.S. 668, 688,
104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To make this showing,
petitioner must overcome a strong presumption that counsel's
conduct falls within the wide range of reasonable professional
assistance that might be considered sound trial trial strategy.
Strickland, 466 U.S. at 689, 104 S.Ct. 2052. Second, he must
demonstrate there is a reasonable probability that but for counsel's
errors, the outcome of the proceedings would have been different.
Kimmelman v. Morrison, 477 U.S. 365, 375, 106 S.Ct. 2574, 91 L.Ed.2d
305 (1986).

In this case, counsel entering a plea of guilty without
petitioner's consent has deprived him of his fundamental right
to present a defense to the charged crime. This right cannot be
waived by an attorney. Snyder v. Massachusetts, 291 U.S. 97 (1934);
People v. Mallett, Ill S.Ct. 1964, 30 Il.2d 136, 195 N.E.2d 687.
Absent this error, there is a reasonable probability the outcome
of the proceedings would have been different because petitioner
would have had the opportunity to present a defense to the charge.

William G. Schick's affidavit sworn under the penalty of
perjury states that this right was never waived by petitioner
and nothing in the record can support this conviction absent
counsel entering this unconstitutional plea of guilty for him.

This improper procedure is in violation of petitioner's
Fourteenth Amendment right to due process and his Sixth Amendment
right to effective assistance of counsel. This conduct does not fall

9

within the wide range of reasonable professional assistance that might be considered sound trial strategy because counsel has caused petitioner to be convicted outside of his presence and without consent.

Petitioner's conviction in this case cannot stand constitutional scrutiny and must be vacated.


IV.                     PETITIONERS FOURTEENTH AMENDMENT
              DUE PROCESS RIGHT TO BE PRESENT WAS VIOLATED


A defendant's constitutional right to presence largely stems from the Confrontation Clause of the Sixth Amendment, see e.g., United States v. Gagnon, 470 U.S. 522, 526, 105 S.Ct. 1482, 1484, 84 L.Ed.2d 486 (1985), but the Supreme Court also has recognized that some aspects of this right are protected by due process, see Kentucky v. Stincer, 482 U.S. 730, 745, 107 S.Ct. 2658, 2667, 96 L.Ed.2d 631 (1987).

Under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, a criminal defendant  -  even in situations where the defendant is not actually confronting witnesses or evidence against him  -  has a due process right "to be present in his own person whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." Snyder v. Massachusetts, 291 U.S. 97, 105-06, 78 L.Ed. 674, 54 S.Ct. 330, 90 ALR 575 (1934). Although the Court has emphasized that this privelege of presence is not

10

guaranteed "when presence would be useless, or the benifit but a shadow," id. at 106-07, 78 L.Ed. 674, 54 S.Ct. 330, 90 ALR, due process clearly requires that a defendant be allowed to be present "to the extent that a fair and just hearing would be thwarted by his absence," id., at 108, 78 L.Ed. 674, 54 S.Ct. 330, 90 ALR 575. Thus, a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure.

Here, the Court erred by accepting petitioner's plea in his absence and without consent. Presence at the plea colloquy is a fundamental right and while this right is waivable, the record in this case does not support a finding of a waiver.

Therefore, minus the waiver and counsel conceding to this fact, petitioner's conviction is clearly in violation of his Fourteenth Amendment Constitutional right to due process because his opportunity to defend against the charges has been denied.

The record before the Court cannot conclude that petitioner's claims are "palpably incredible," Blackledge v. Allison, 431 U.S. 63, 76, 97 S.Ct. 1621, 1630, 52 L.Ed.2d 136 (1977), that he knowingly and intelligently waived his right to be present at his guilty. The deprivation of petitioner's presence at this critical stage of the proceedings allowed him to be convicted of a crime outside of his presence and without consent. These constitutional violations by their very nature, cannot be harmless. Rushen v. Spain, 464 U.S. 114, 117, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983).

11

## CONCLUSION

Wherefore, petitioner respectfully requests that this Court enter an Order dismissing and reversing the Order of Probation entered March 25, 1980, in Case No. 79-CM-2247.

Respectfully submitted,

Dated: 6 / 6, 2006.

Michael Cutkomp
Pro se

12

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon the Rock Island County State's Attorney's Office at 1504 3rd Avenue, Rock Island, Il 61201, on _6/6_, 2006, by depositing in the U.S. Mail, postage prepaid.

Michael Cutkomp
#08784-026 (B/A)
PMB 1000
Talladega, Al 35160

ATTACHED EXHIBIT

## AFFIDAVIT IN SUPPORT OF MOTION FOR RELIEF FROM VOID JUDGMENT

STATE OF ILLINOIS  )
         )ss:
ROCK ISLAND COUNTY )

   The undersigned William G. Schick having been duly sworn upon his oath states as follows:

1.  I am an attorney licensed to practice law in the State of Illinois since October 24, 1972.

2.  I was attorney of record for Michael Cutcomp in 79 CM 2247, a charge of misdemeanor possession of cannabis.

3.  After defendant's arrest, defendant moved to the State of Utah and the undersigned attorney negotiated with the State and appeared for him on March 25, 1980, entering a plea of guilty for defendant and agreeing to the Order of Probation entered March 25, 1980.

4.  Defendant Michael Cutcomp was not present in Court at any time on this charge.

5.  Defendant Michael Cutcomp was never admonished that he could be tried in absentia.

6.  Defendant Michael Cutcomp never waived his right to be present.

7.  Defendant Michael Cutcomp did not appear in Court and waive his right to trial by jury.

_William H Schick_
WILLIAM G. SCHICK

   SUBSCRIBED AND SWORN TO before the undersigned Notary Public on this 11th day of August, 1995.

_Cathey a Johnson_
NOTARY PUBLIC

"OFFICIAL SEAL"
CATHEY A. JOHNSON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 6/17/99